TRULINCS 05711068 - BANKS, FREDERICK H - Unit: FTD-E-B

--------------------------------------------------------------------------------

FROM: Brown, Hamilton
TO: 05711068
SUBJECT: Motion for Summary Reversal
DATE: 12/29/2025 07:51:03 PM



United States Court of Appeals for the Third Circuit
United States of America
v.
Frederick H. Banks, Appellant
Appeal Nos.: 25-3151, 25-3152, 25-3397
On Appeal from the United States District Court
for the Western District of Pennsylvania
(Crim. No. 2:15-cr-00168-001)

MOTION FOR SUMMARY REVERSAL

Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6, Appellant Frederick H. Banks respectfully moves for summary reversal of the district court's orders because the appeal presents purely legal issues, the governing law is settled, and the district court's rulings were jurisdictionally void, constitutionally infirm, and an abuse of discretion.

No substantial question is presented. Reversal is compelled as a matter of law.

I. STANDARD FOR SUMMARY REVERSAL

Summary reversal is appropriate where:

The law is well-settled;

The facts are undisputed; and

The district court committed clear legal error or acted without jurisdiction.

See United States v. Wright, 776 F.3d 134, 137 (3d Cir. 2015); Third Cir. I.O.P. 10.6.

All three conditions are met.

II. UNDISPUTED JURISDICTIONAL TIMELINE

June 26, 2024   Banks was transferred from BOP custody to a Community Corrections Center (CCC).

Under 18 U.S.C. § 3624(e), supervised release commenced immediately upon that transfer.

Supervised release ran continuously and expired on December 25, 2024.

No warrant or summons issued before expiration.

February 4, 2025   A supervised-release warrant was filed 41 days after expiration.

These facts are not disputed.

III. THE DISTRICT COURT LACKED REVOCATION JURISDICTION AS A MATTER OF LAW

A. Supervised Release Began on June 26, 2024

Placement in a CCC constitutes release from imprisonment for purposes of supervised release.

Controlling authority:

18 U.S.C. § 3624(e)

United States v. Johnson, 529 U.S. 53, 57 60 (2000)

Thus, Banks' supervised release began June 26, 2024.

B. Supervised Release Expired December 25, 2024

No tolling event occurred. No warrant or summons issued during the term.

C. The February 4, 2025 Warrant Was Jurisdictionally Void

Under 18 U.S.C. § 3583(i), revocation jurisdiction survives expiration only if a warrant or summons issues before expiration.

Here, the warrant was filed 41 days late.

Third Circuit authority:

United States v. Merlino, 785 F.3d 79, 84 (3d Cir. 2015)

Because § 3583(i) was not satisfied, jurisdiction never attached.

IV. THE DISTRICT COURT'S ONLY AUTHORITY WAS TO DISMISS AND RELEASE BANKS

Once supervised release expired without a timely warrant:

The court lost jurisdiction

Any revocation or continued detention was void ab initio

The court retained authority only to dismiss the proceeding and order release

See:

United States v. Johnson, 529 U.S. at 60

United States v. Cotton, 535 U.S. 625, 630 (2002)

V. THE 41-DAY DELAY VIOLATED DUE PROCESS

A post-expiration warrant deprives a defendant of notice and fundamentally violates due process.

See:

Morrissey v. Brewer, 408 U.S. 471 (1972)

TRULINCS 05711068 - BANKS, FREDERICK H - Unit: FTD-E-B

------------------------------------------------------------------------

United States v. Sullivan, 797 F.2d 947 (9th Cir. 1986)
The district court made no findings justifying the delay and ignored the jurisdictional bar.
VI. ABUSE OF DISCRETION (IN MULTIPLE INDEPENDENT WAYS)
The district court abused its discretion by:
Exercising jurisdiction that did not exist
Ignoring controlling statutory deadlines
Failing to address the 41-day lapse
Denying relief based on legally erroneous premises
Proceeding post-expiration in defiance of § 3583(i)
A court necessarily abuses its discretion when it misapplies the law or acts without jurisdiction.
See Koon v. United States, 518 U.S. 81, 100 (1996).
VII. COMPASSIONATE RELEASE ERRORS COMPOUND THE REVERSIBLE ERROR
The district court further abused its discretion in addressing compassionate-release filings by:
Applying incorrect legal standards
Failing to meaningfully engage with statutory factors
Treating Banks as still under valid supervision despite expiration
Ignoring jurisdictional limitations
A court cannot deny compassionate relief while simultaneously exercising jurisdiction it no longer possesses.
VIII. POST-EXPIRATION PROCEEDINGS WERE VOID
All proceedings occurring after December 25, 2024  including detention, revocation steps, and related rulings  were ultra vires and constitutionally invalid.
Jurisdictional defects cannot be waived and may be raised at any time.
See Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).
IX. SUMMARY REVERSAL IS REQUIRED
This case presents:
No disputed facts
Pure questions of law
Clear statutory violations
A jurisdictional lapse conclusively shown by the record
Further briefing would serve no purpose.
X. RELIEF REQUESTED
Appellant respectfully requests that this Court:
Summarily reverse the district court's orders;
Vacate all post-expiration proceedings;
Order dismissal of the supervised-release matter;
Order immediate release; and
Grant any other relief deemed just and proper.
Respectfully submitted,
Frederick H. Banks
Appellant, pro se

Certificate of Service & Filing

I certify that on 12/30/25 I filed and served a true and correct copy of the foregoing under perjury by handing a copy postage pre paid first class mail to the corrections officer addressed to; Clerk, US ct of Appeals, 21400 US Courthouse, 601 Market St. Philadelphia, PA 19106 and by mail delivery to;

Laura Irwin, AUSA
4000 US Courthouse
700 Grant St.
Pittsburgh, PA 15219

Frederick Banks

2

Frederick Banks
05711068
FCI, Box 2000
Joint Base MDL, NJ. 08640

Clerk, US Court of Appeals
21400 US Courthouse
601 Market Street
Philadelphia, PA 19106

RECEIVED
JAN -8 2025
USCA 3rd Cir

FOREVER / USA
FOREVER / USA
FOREVER /
FOREVER / USA